**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AMIRI MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-1133-AGF |
| ) | |
| VANTAGE CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Amiri McNair's application to proceed without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for lack of subject matter jurisdiction.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be

considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Complaint**

Plaintiff brings this action alleging violations to 18 U.S.C. § 1348 and 41 U.S.C. § 6503. ECF No. 1 at 3. He states that on December 26, 2024, he came to Defendant Vantage Credit Union to "get a vehicle." *Id*. at 5. Looking at the exhibits submitted by Plaintiff, the Defendant denied him a loan for various reasons, including his credit score. ECF No. 1, Ex. 1. Plaintiff states that he tried to resolve disputes with Defendant by providing information that he was not a minor and that he had "power of authority over the account." ECF No. 1 at 5. Plaintiff claims that he has suffered damages to his credit score, finances, mental health and estate because he did not receive the car loan. *Id*. He accuses the Defendant of failing to "contract correctly." *Id*.

As relief, Plaintiff seeks special performance of the contract or restitution in the amount of $24,000, and "whatever the courts deem appropriate and just." *Id*.

## Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a]

non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Plaintiff does not bring this suit against a federal official or agency, nor does he allege there is diversity of citizenship. Therefore, the only basis for Plaintiff to have subject matter jurisdiction is if this case involves a question about federal statutes, treaties, and/or provisions of the Constitution. Plaintiff attempts to invoke the Court's jurisdiction by relying on two federal statutes: 18 U.S.C. § 1348 and 41 U.S.C. § 6503. First, 18 U.S.C. § 1348 is a section dealing with the crime of securities and commodities fraud. It does not create a private cause of action and is inapplicable to Plaintiff's case. Second, 41 U.S.C. § 6503 discusses the breach or violation of contracts made by an agency of the United States for the manufacturing or furnishing of certain materials and equipment. This similarly does not apply to Plaintiff's case, as he has not alleged that he was in a contract with an agency of the United States. Plaintiff's complaint centers on the fact that he was denied a car loan. His asserted basis of federal jurisdiction is patently meritless.

The Court can find no federal statute, treaty or Constitutional provision that would provide subject matter jurisdiction here. For example, this case cannot be brought under the Fair Credit Reporting Act (FCRA), which Congress enacted "to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). Plaintiff does not allege that he was denied a loan due to an inaccurate credit report; rather, he states that the disputes with Defendant were over Plaintiff no longer

- 5 -

being a minor and "power of authority over the account." ECF No. 1 at 5. Such issues do not arise under federal law, and do not implicate this Court's limited jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 1st day of December, 2025.

                                                                      AUDREY G. FLEISSIG
                                                                      UNITED STATES DISTRICT JUDGE